CITY OF SUMMIT, PROSECUTOR, v. COSIMO IARUSSO,
DEFENDANT.

Submitted December 3, 1914—Decided June 14, 1915.

1. Chapter 228 of the laws of 1908 (*Pamph. L., p.* 442) *held* not
   unconstitutional as impairing the prerogative jurisdiction of the
   Supreme Court, on the authority of *Kazinski* v. *Newark*, 86 *N. J.
   L.* 59.
2. Chapter 228 of the laws of 1908 (*Pamph. L., p.* 442) *held* not
   unconstitutional as failing to express its object in the title.
3. A complaint of selling beer on two occasions, without any aver-
   ment that defendant had no license to sell beer, stated no offence
   against the statute.
4. A municipal ordinance denouncing the keeping of a place to
   which persons resort for the purpose of buying or drinking spirit-
   uous or fermented liquors or intoxicating beverages, and pre-
   scribing punishment for so doing, is in excess of authority con-
   ferred by the Cities act of 1899 (*Pamph. L., p.* 101; *Comp.
   Stat., p.* 1336).

On *certiorari* to judgment of the Common Pleas judge
of Union county vacating a conviction for alleged violation
of ordinance of the city of Summit.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Corra N. Williams.*

For the defendant, *J. Victor D'Aloia.*

The opinion of the court was delivered by

PARKER, J. Cosimo Iarusso was convicted before the
police court of the city of Summit of "maintaining  *  *  *
a shop, room, or place, at 67 Park avenue, to which persons
resorted for the purpose of buying and drinking spirituous
and fermented liquors, and which place was injurious to pub-
lic morals" in violation of a city ordinance. The court im-
posed a fine of $100, and in default of payment a term of
sixty days in the county jail. On application to the judge

of the Common Pleas, he ordered the proceedings to be brought before him for a review of the legality of the conviction, and adjudged such conviction illegal. This adjudication and the proceedings leading up to it are now before us on this writ, at the instance of the city of Summit, which seeks to sustain the original conviction.

The first point made for the city is that there is no constitutional legislation to support the action of the Common Pleas judge.

Two acts are applicable: that of 1895, page 764, reprinted in *Comp. Stat., p.* 408, under the title of *"certiorari,"* and that of 1908, page 442, *Comp. Stat., p.* 1868, being a supplement to the Criminal Procedure act. Both are attacked as infringing upon the constitutional powers of this court to act by the prerogative writ of *certiorari;* but we deem this question settled by previous adjudications; as to the act of 1895, in *Stokes* v. *Schlacter,* 66 *N. J. L.* 247, and as to that of 1908, in *Newark* v. *Kazinski,* 86 *Id.* 59. In both cases the theory of decision was that as this court retains the right of review by *certiorari* to the Court of Common Pleas, or to the judge of that court, as the case may be, our prerogative power is not impaired. It is urged that this is in opposition to the decision of this court in *New Brunswick* v. *McCann,* 74 *N. J. L.* 171. Assuming the applicability of that decision, we are constrained to follow the later ruling in *Newark* v. *Kazinski, supra.* Cases in which the Circuit Court acts as the first court of review are to be distinguished on the ground that from that court the case might be removed directly to the Court of Errors and Appeals and this court would be thereby deprived of its right to interpose by *certiorari.*

It is further argued that the act of 1908 is unconstitutional as not within the title of the Criminal Procedure act, because it purports to confer criminal jurisdiction on a civil court, *i. e.,* the Court of Common Pleas. It is sufficient to say that the act designates, not the court, but the judge, as the reviewing tribunal; and as the Common Pleas judge is *ex*

*officio* a judge of the Quarter and Special Sessions, he is an appropriate official to be selected by the act. The record before us shows that he acted throughout in his statutory capacity as judge of the Common Pleas, and not as a court. Evidently, therefore, the review was had under the act of 1908 and not under that of 1895, which refers to the Court of Common Pleas and not to the judge.

It remains to determine whether the Common Pleas judge rightly decided that the conviction was illegal, and our conclusion is that he did. The ordinance is as follows:

"Section 6. For keeping or causing, or permitting to be kept a house, shop, room or place of any description in which any kind of disorder or noise is permitted or made to the alarm, annoyance or disturbance of the neighborhood, or in which persons assemble, or to which persons resort for the purpose of buying or drinking spirituous or fermented liquors or intoxicating beverages, or which house, shop, room ·or place is injurious to the public health, public quiet, or public morals, or in which is kept or used any table or device of any kind upon or by which any game of chance or hazard shall be played, a fine not exceeding two hundred dollars and imprisonment in the city or county jail, not exceeding ninety days in default of the payment of such fine, to be imposed in the discretion of the said police justice or other officer of said city before whom a trial and conviction may be ·had."

The complaint charged, generally, that defendant kept a place, &c., injurious to public morals and to which persons resorted for the purpose of buying or drinking spirituous or fermented liquors, &c., and specifically that on two stated dates defendant sold certain bottled beer to complainant, which he drank on the premises, in violation of said ordinance. The evidence as embodied in the minutes of the police justice is confined to these two sales of liquor. The police justice thereupon adjudged defendant guilty of maintaining a place to which persons resorted to buy liquor "and which place was injurious to public morals."

There is nothing in the complaint, evidence, or conviction to indicate in what respect the place was injurious to public morals, except the two specified sales of beer. If these two sales were unlawful, it is perhaps inferable that there was habitual violation of law and that the public morals were thereby injured; if they were not unlawful, the charge that the place was injurious to public morals is a mere conclusion with no concrete facts to support it. Unquestionably the intent was to base the conclusion upon the sales of beer, and on the theory that they were unlawful. But a complaint that defendant sold beer without more, does not charge an unlawful act. *Fleming* v. *New Brunswick,* 47 *N. J. L.* 231, 233. The complaint should either charge that the beer was sold without the proper license, or that the sale was contrary to some law or ordinance. It is not charged in this case that the sale was without license. If such a charge had been made, the burden would have been on defendant to prove his license. *Greely* v. *Passaic,* 42 *Id.* 87; but the want of license must be averred. *Ibid.* The complaint, then, failed unless it charged habitual violation of a valid ordinance. It seems to have been in violation of the language of the ordinance, but when we come to examine the latter in this aspect we cannot find any support for it in the Charter act, which is that of 1889, page 96. *Comp. Stat., p.* 1336 *et seq.* No power has been conferred upon cities adopting this act to prohibit the sale of liquors entirely, nor as we read the act, even to regulate it by licenses. See *Pamph. L.* 1889, *p.* 101. Conceding that an ordinance imposing a penalty for habitual sale of liquor without a license as tending to drunkenness or immorality, would be within the municipal powers, as to which we express no opinion, neither the conviction, nor the evidence, nor the complaint, nor the ordinance itself covers this point. Apparently the ordinance undertakes to forbid the maintenance of a place for the sale of liquor with or without license, and the charge and conviction are as broad as the ordinance. It seems plain that they cannot be sustained.

The result is that the judgment of the Common Pleas judge, vacating the conviction in the police court, will be affirmed.

Several other proceedings of the same nature are brought up, and submitted by the same counsel. They will be controlled by this decision. The several defendants herein are entitled to costs.